(23 Misc. Rep. 330.)

### KAMERMANN v. EISNER & MENDELSON CO.

(Supreme Court, Appellate Term. April 27, 1898.)

1. SECURITY FOR COSTS—ACTION BY INFANT.

If a motion be seasonably made, under Code Civ. Proc. § 3268, subd. 5, providing that security for costs may be required by the defendant where the plaintiff is "an infant whose guardian ad litem has not given such security," the granting of the order is mandatory, does not rest in discretion, and may be ex parte.

2. APPEAL—DECISION.

Upon appeal to the appellate term of the supreme court from an order affirming the vacation of an order requiring security for costs, the court cannot look into the opinion below to find grounds for reversal; and, where the order appealed from does not itself recite an erroneous ground for granting it, it must be sustained if any ground for its support is discoverable from the papers upon which it was made.

Appeal from city court of New York, general term.

Action by Sarah Kamermann against the Eisner & Mendelson Company. From an order of the general term affirming an order vacating an order requiring plaintiff to give security for costs (49 N. Y. Supp. 1111), defendant appeals. Affirmed.

Argued before BEEKMAN, P. J., and GILDERSLEEVE and GIEGERICH, JJ.

Frank V. Johnson, for appellant.
George F. Langbein, for respondent.

BEEKMAN, P. J. We do not agree with the court below that the granting of the order requiring security for costs to be given was irregular because not made upon notice. It seems from the opinion that the general term considered the case as coming within section 3271 of the Code of Civil Procedure, which in certain cases makes it discretionary with the court whether or not such security shall be required. In the cases there provided for it is true that the order can be granted only upon notice; but the order in question was made, and properly so, under section 3268 of the Code, which provides that security for costs may be required by the defendant where the plaintiff is (subdivision 5) "an infant whose guardian ad litem has not given such security." In such a case it is well settled that, if the motion therefor be seasonably made, the

granting of the order is mandatory, does not rest in discretion, and may be made ex parte.   Wood v. Blodgett, 49 Hun, 64, 2 N. Y. Supp. 304; Churchman v. Merritt, 50 Hun, 270, 2 N. Y. Supp. 843. If, therefore, the order of affirmance had recited the fact that it was made on the ground that the order in question was irregular because not made upon notice, we should have felt constrained to reverse it, but it fails to do so; and, as it is well settled that we cannot look into the opinion below for the purpose of finding grounds for reversal, it follows that the order appealed from must be sustained, if any ground for its support is discoverable from the papers upon which it was made.   It does appear from the affidavit of the attorney for the respondent that at the time the order requiring security to be given was made the guardian had filed the requisite undertaking, although the attorney for the appellant was not aware of the fact.   Under these circumstances, by the terms of the section of the Code above referred to, the appellant was not entitled to such an order, and we must assume that the court below affirmed the order vacating it on that ground.   It follows that the order appealed from must be affirmed, with costs.

Order affirmed, with costs.   All concur.